UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON G. WALKER,<br><br>Plaintiff,<br><br>vs.<br><br>MONAE JOHNSON, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE OF SOUTH DAKOTA; LARRY RHODEN, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF SOUTH DAKOTA; AND MARTY JACKLEY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF SOUTH DAKOTA;<br><br>Defendants. | 5:26-CV-05111-RAL<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff Clayton Walker filed a Civil Complaint Injunctive Relief Requested against South Dakota's Secretary of State Monae Johnson, Governor Larry Rhoden, and Attorney General Marty Jackley in their official capacities. Doc. 1. Walker is a barred filer, but this Court directed the Clerk of Court to file his action and, after a court order denying in forma pauperis status, Doc. 9, Walker paid his filing fee. The Clerk of Court issued a summons as to all Defendants. Doc. 10.

Walker alleges violations of the Americans with Disabilities Act, Rehabilitation Act, Voting Rights Act, and Civil Rights Act. Doc. 1 ¶ 1. In short, Walker wants to be on the ballot for United States Senator as an independent but asserts that he suffers from "a severe, temporary physical disability that heavily limits [his] mobility ambulation and physical endurance," Doc. 1 ¶ 15, such that he cannot physically collect petition signatures necessary to place him on the ballot.

Walker claims that he cannot use volunteers "due to the 2014 operational misconduct involving fake names, which resulted in severe legal consequences." Doc. 1 ¶ 20. Walker, among other things, seeks a temporary restraining order and preliminary injunction, "restraining Defendants from enforcing ballot deadlines against Plaintiff and halting the printing of ballots while this case is decided." Doc. 1 at Relief ¶ 2. Walker filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 2, a Motion for Preliminary and Permanent Injunction, Doc. 4, as well as Declaration of Clayton Walker in Support of Civil Complaint, Doc. 5.

Walker attached to his Declaration a letter to the Secretary of State, id. at Ex. A, a letter from his physician from February of 2026 stating that Walker may return to light duty work immediately but should avoid prolonged standing or walking, id. at Ex. B, and a letter from the South Dakota Director of Elections from March of 2026 advising Walker that the ADA does not apply to petition signature gathering and alerting him of his responsibility to obtain sufficient petition signatures to be on the ballot. Id. at Ex. C. Other exhibits were attached to the Declaration.

The Secretary of State's letter is correct that the ADA does not entitle Walker to relief from being required to submit the requisite number of petition signatures to be on the ballot. Acosta v. Wolf, No. CV 20-2528, 2020 WL 3077098, at *6 (E.D. Pa. June 10, 2020) (holding that the plaintiff failed to state an ADA claim challenging the Pennsylvania law requiring signatures to appear on the ballot); see also id. ("An 'employer' as defined in Title I of the ADA, does not include 'the United States, a corporation wholly owned by the government of the United States, or an Indian tribe[.]' We cannot grant relief for an individual seeking a seat in the United States House of Representatives." (citation and footnote omitted)); Tyler v. 118th US Cong., No. 2:25-CV-0404, 2025 WL 2495599, at *7 (E.D. Cal. Aug. 29, 2025) ("[T]o prevail on a reasonable accommodation claim under Title II, the plaintiff must show that a public entity failed to make reasonable

modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the program or activity."), report and recommendation adopted, No. 2:25-CV-00404, 2026 WL 766201 (E.D. Cal. Mar. 18, 2026). Walker's likelihood of success on claims under the Rehabilitation Act, Voting Rights Act, and Civil Rights Act similarly seems low. See Tyler, 2025 WL 2495599, at *7 (finding the plaintiff "failed to allege facts supporting an ADA or [Rehabilitation Act] claim" in part because "he has not pled any facts showing that he is prevented from using volunteers or contractors to obtain signatures."); Shabazz v. LaRose, No. 1:24-CV-604, 2024 WL 3567706 (N.D. Ohio July 29, 2024) ("Plaintiff pleads no facts to show he was denied meaningful access to the ballot *by reason of his disability*. For instance, Plaintiff does not plead facts sufficient to show how his disability prevents him from complying with the 5,000 in-person signature requirement." (emphasis added)); Dekom v. New York, No. 12-CV-1318, 2013 WL 3095010, at *12 (E.D.N.Y. June 18, 2013) (dismissing claims under the ADA and Rehabilitation Act where plaintiffs' "disabilities may make it more difficult for them to individually" collect signatures, but the law contemplates volunteers assisting in obtaining signatures), aff'd, 583 F. App'x 15 (2d Cir. 2014); Herschaft v. NY Bd. of Elections, 37 F. App'x 17, 18 (2d Cir. 2002) (finding that the plaintiff's equal protection claims asking for extra time to collect signatures for his election petition failed because plaintiff had not shown the purpose of the election law was to discriminate against disabled individuals).

Rule 65 of the Federal Rules of Civil Procedure governs issuance of injunctive relief. Under Rule 65(b), a temporary restraining order (TRO) may issue if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before ethe adverse party can be heard in opposition," and the movant "certifies in writing any efforts made to give notice and the reasons why it should be not required."

Walker's pleadings do not satisfy the second requirement for a TRO, and this Court wants to hear from the Defendants before ruling on any request for preliminary relief. Therefore, it is

ORDERED that Walker's request for a TRO in his Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 2 is denied. It is further

ORDERED that along with the summons and Complaint, Doc. 1, Walker must serve his Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 2, Motion for Preliminary and Permanent Injunction, Doc. 4, and his Declaration, Doc. 5, on each Defendant. It is further

ORDERED that Defendants must respond to Walker's motion for preliminary and permanent injunction, Docs. 2, 4, on or before fourteen (14) days following the date of service. Additionally, Defendants shall serve and file an answer or responsive pleading to Walker's Complaint, Doc. 1, on or before twenty-one (21) says following the date of service. It is further

ORDERED that after Defendants are served, Walker must promptly file proof of service with the Clerk of Court.

DATED this 16th day of September, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE