UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON G. WALKER,<br><br>Plaintiff,<br><br>vs.<br><br>MONAE JOHNSON, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE OF SOUTH DAKOTA; LARRY RHODEN, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF SOUTH DAKOTA; AND MARTY JACKLEY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF SOUTH DAKOTA;<br><br>Defendants. | 5:26-CV-05111-RAL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

On October 27, 2026, this Court filed the Opinion and Order Granting Motion to Dismiss and a Judgment of Dismissal without prejudice under Rules 54 and 58 of the Rules of Civil Procedure with judgment against Plaintiff Clayton G. Walker and for the Defendants thereby entering, Docs. 23, 24. On October 30, 2026, Walker filed a Motion for Reconsideration, Doc. 25, pursuant to Federal Rule of Civil Procedure 59(e). Walkers asks that this Court vacate is previous orders, reinstate the complaint, permit the action to move forward into discovery, and schedule a hearing on the merits. Doc. 25 at 4. Walker specifically argues that this Court should reconsider its dismissal of his claims because (1) the Opinion and Order erred in finding that Walker delayed in filing his complaint, (2) the Opinion and Order erred in ruling that Walker's claims of injury

were speculative, (3) the Defendants failed to serve Walker with their filings, and (4) Walker's claims are not moot as they are capable of repetition yet evading review. Id. at 1–3.

The United States Court of Appeals for the Eighth Circuit has made clear that a Rule 59(e) motion serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006); Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988). A motion for reconsideration is not a vehicle for re-arguing or otherwise re-litigating issues already decided by the Court or for presenting arguments that could have been raised prior to the Court's decision. This Court has broad discretion in deciding whether to grant or deny a motion to alter or amend its judgment under Rule 59(e). Metro. St. Louis Sewer Dist., 440 F.3d at 933. This Court has reviewed Walker's motion and finds no reason to reconsider, alter or amend the Opinion and Order Granting Motion to Dismiss. Therefore, it is

ORDERED that Plaintiff's Motion for Reconsideration, Doc. 25, is denied.

DATED this 9th day of November, 2026.

BY THE COURT:

Roberto A. Lange

ROBERTO A. LANGE
CHIEF JUDGE